**XI FENG TUNG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

**No. 04–5742–ag.**

United States Court of Appeals, Second Circuit.

Nov. 17, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

---

Robert J. Adinolfi, New York, NY, for Petitioner.

David Capp, United States Attorney, Northern District of Indiana, Deborah M. Leonard, Assistant United States Attorney, Fort Wayne, IN, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. SONIA SOTOMAYOR and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Xi Feng Tung, a native and citizen of the People's Republic of China, seeks review of the October 6, 2004 order of the BIA affirming the November 10, 2003 decision of Immigration Judge ("IJ") Noel A. Ferris denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xi Feng Tung*, No. A76 972 444 (B.I.A. Oct. 6, 2004), *aff'g* No. A76

972 444 (Immig. Ct. N.Y. City Nov. 10, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *See Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Dong Gao v. BIA*, 482 F.3d 122, 126 (2d Cir.2007).

Because Tung failed to raise his withholding of removal and CAT claims in either his brief to the BIA or his brief to this Court, we deem those claims abandoned. *See Gui Yin Liu v. INS*, 508 F.3d 716, 723 n. 6 (2d Cir.2007).

Regarding Tung's application for asylum, leaving aside the IJ's adverse credibility determination, his petition for review fails. Pursuant to our decision in *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir.2007) (en banc),[1] Tung is not *per se* eligible for asylum based on his wife's alleged forced sterilization.[2] *See Gui Yin Liu*, 508 F.3d at 723 (noting that "a claim of persecution based *solely* on a forced … sterilization" brought by someone other than "the individual who has undergone the procedure … is doomed");

---

1. Judge Sotomayor continues to believe that the majority opinion in *Shi Liang Lin* was in error to the extent that it applied beyond unmarried partners, *see Shi Liang Lin*, 494 F.3d at 327 (Sotomayor, J., concurring), but notes that the Attorney General has since adopted the Court's construction of the statute and overruled the BIA's former *per se* rule of spousal eligibility, *see In re J–S–*, 24 I. & N. Dec. 520 (A.G.2008).

2. As the government observes, there is no merit to Tung's argument that we should apply the law as it was at the time of his hearing before the IJ. *See Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 97, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993); *N.L.R.B. v. Coca–Cola Bottling Co.*, 55 F.3d 74, 78 (2d Cir.1995).

*see also Matter of J–S–*, 24 I. & N. Dec. 520 (A.G.2008). Tung has never argued that he is otherwise eligible for asylum based on any of the other categories of relief provided in 8 U.S.C. § 1101(a)(42). Accordingly, we find no reason to disturb the IJ's decision.[3]

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

**3.** We decline Tung's invitation to remand to the BIA based on evidence that was not in the administrative record. If Tung wishes the BIA to consider additional evidence, the proper course would be for him to file a motion to reopen. *See Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 269 (2d Cir.2007).